8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton Clyde JOHNSON, Defendant-Appellant.
 No. 92-50704.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 30, 1993.
Decided Sept. 30, 1993.
 
 Before: BRUNETTI, KOZINSKI, and BOGGS,* Circuit Judges
 MEMORANDUM**
 Milton Clyde Johnson pled guilty to conspiracy to commit bank robbery, in violation of 18 U.S.C. § 2113(a), and to use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(d). He appeals his sentence under the Sentencing Guidelines. We reverse and remand.
 I.
 Johnson claims that the district court erred by failing to grant a three-level decrease in the offense level for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines.
 The district court granted a two-level reduction under § 3E1.1(a), but declined to grant an additional level under § 3E1.1(b). An additional one-level reduction is appropriate under § 3E1.1(b) if the defendant timely provides complete information concerning his involvement in the offense, § 3E1.1(b)(1), or if he timely notifies the authorities of his intention to plead guilty, § 3E1.1(b)(2). The district court stated, "I don't think this is a proper case to give the additional point for the acceptance of responsibility because it's not the kind of early cooperation I think that this guideline envisioned. And I think frankly the main reason why these people changed their plea was because they found out the other defendant was cooperating and was going to testify against them."
 It is apparent from the record that the district court based its decision on § 3E1.1(b)(2), and failed to consider § 3E1.1(b)(1). The defendant need satisfy the requirements of only one of the two subsections. Our review of the record indicates that Johnson timely provided complete information to the government concerning his involvement in the offense, and therefore satisfied the requirements of § 3E1.1(b)(1).
 We find that the district court erred in failing to grant a one-level reduction based on § 3E1.1(b)(1).
 II.
 Johnson also claims that the district court should have addressed his contention that his criminal history was overstated, and that a downward departure was appropriate. The district court did not rule on Johnson's criminal history claim, stating that "unless some other ground for downward departure is found, it's an academic exercise."
 Because we have found that Johnson should have received a one-level reduction based on § 3E1.1(b)(1), consideration of his criminal history claim is no longer merely an academic exercise. We remand so that the district court may determine whether a downward departure is appropriate.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3